**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-1779 & 23-3090
_____


MARIANO MELVIN BROWN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Agency No. A207-314-895)
Immigration Judge: Jason L. Pope
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 7, 2025

Before: SHWARTZ, PHIPPS, and MONTGOMERY-REEVES, *Circuit Judges*.

(Opinion filed: January 17, 2025)
_____

OPINION*
_____

MONTGOMERY-REEVES, *Circuit Judge*.

Mariano Brown petitions for review of the orders by the Board of Immigration

Appeals (the "BIA") denying his motions to reopen. Because those denials inextricably

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

rest on the BIA's determination that Brown did not merit a favorable exercise of discretion in relation to cancellation of removal, and we do not have jurisdiction to review that determination, we will dismiss the petitions.

## I.    BACKGROUND[1]

In 1992, Brown, a native and citizen of Trinidad and Tobago, entered the United States on a temporary visa, which he subsequently overstayed. Between 2000 and 2020, Brown had multiple encounters with law enforcement resulting in several convictions under New Jersey state law. In 2020, he was served with a Notice to Appear ("NTA") charging him as removable on three separate grounds, including under 8 U.S.C. § 1227(a)(1)(B) for the visa overstay. In front of the Immigration Judge (the "IJ"), and through his first attorney, Brown admitted that he had overstayed his visa and conceded that he was removable under 8 U.S.C. § 1227(a)(1)(B). The IJ sustained this charge.[2] The first attorney filed a motion to terminate proceedings, which the IJ denied, but did not file any requests for relief from removal. In November 2020, the IJ ordered Brown removed to Trinidad and Tobago. Brown appealed this order to the BIA, and the BIA adopted and affirmed the IJ's opinion. Brown did not petition for review of the BIA's decision.

---

[1] We recite only the facts relevant to the jurisdictional question here.

[2] Brown has never challenged this ruling and therefore does not challenge that he is removable. The only issues on appeal relate to Brown's eligibility for and entitlement to relief from removal.

In September 2021, Brown, through new counsel, filed a motion to reopen based on ineffective assistance of counsel. Brown sought reopening to pursue cancellation of removal under 8 U.S.C. § 1229b. The BIA ultimately denied this motion, reasoning that even if Brown's convictions did not render him ineligible for relief, he failed to establish that he merited relief as a matter of discretion because his serious and lengthy criminal history outweighed the positive equities of his application. Brown filed a petition for review of this decision with this Court. While the petition was pending, the state of New Jersey vacated one of Brown's convictions due to ineffective assistance of counsel, and Brown pleaded guilty to a different charge. This Court granted Brown's motion to hold the appeal in abeyance while he pursued reopening in front of the BIA based on the vacatur of the old conviction.

In 2023, Brown filed a second motion to reopen with the BIA, again with the goal of pursuing cancellation of removal. The BIA again denied the motion, holding that even if Brown overcame the other procedural and statutory hurdles, "reopening is not warranted because [Brown] would not merit a favorable exercise of discretion on an application for cancellation of removal." App. 5. Brown petitioned for review of this second denial, and this Court consolidated the two petitions.

## II. DISCUSSION[3]

Congress has provided several avenues of discretionary relief for noncitizens found removable under the Immigration and Nationality Act (the "INA"). *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024). One such form of relief is cancellation of removal under 8 U.S.C. § 1229b, which allows an IJ to cancel the removal of a noncitizen so the person can remain in the country lawfully. *Wilkinson*, 601 U.S. at 212. There are two steps for determining whether to grant a noncitizen cancellation of removal. The noncitizen must prove (1) that he or she is statutorily eligible for relief and (2) that he or she "merits a favorable exercise of discretion" in order to be granted the relief. *Id.* at 212–13 (quoting 8 U.S.C. § 1229a(c)(4)(A)).[4]

Congress has also delineated the courts' jurisdiction to review decisions regarding cancellation of removal. *Id.* at 218; 8 U.S.C. § 1252(a). The INA grants federal courts jurisdiction to review final orders of removal but "then strips courts of jurisdiction for certain categories of removal order," including "judgment[s] regarding the granting of [discretionary] relief under section . . . 1229b." *Wilkinson*, 601 U.S. at 218 (alterations in

---

[3] The BIA had jurisdiction over this case under 8 C.F.R. § 1003.1(b)(3) and 8 C.F.R. § 1003.2(c). We have jurisdiction to determine our own jurisdiction. *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 234 (3d Cir. 2024) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)).

[4] "This second step is not perfunctory. Congress has imposed a statutory cap of 4,000 noncitizens each fiscal year who can have discretion exercised in their favor." *Wilkinson*, 601 U.S. at 213 n.1 (citing 8 U.S.C. § 1229b(e)).

original) (quoting 8 U.S.C. § 1252(a)(2)(B)(i)). The INA restores jurisdiction over "constitutional claims or questions of law." *Id.* (quoting 8 U.S.C. § 1252(a)(2)(D)).

Mindful of these principles, we address the extent of our jurisdiction to review the two-step analysis for cancellation of removal. As *Wilkinson* established, in the step-one context, we have jurisdiction to review the application of the statutory requirements to the established facts because that is a "question of law" under 8 U.S.C. § 1252(a)(2)(D). *Wilkinson*, 601 U.S. at 218–19, 225. But in the step-two context, we lack jurisdiction to review whether a noncitizen merits a favorable exercise of discretion because that is not a "question of law" under 8 U.S.C. § 1252(a)(2)(D). *Wilkinson*, 601 U.S. at 218, 225 n.4. Here, the BIA's ruling rests on the nonreviewable determination that even if Brown met all other procedural or statutory requirements, he would not merit a favorable exercise of discretion. We accordingly lack jurisdiction to review that step-two determination. *See id*.

Brown does not seriously dispute that this Court lacks jurisdiction to review the BIA's determination that he would not merit a favorable exercise of discretion. Instead, Brown argues that we have jurisdiction over the denial of the second motion to reopen because that analysis rested on a legal error—considering the vacated conviction as part of Brown's criminal history—transforming it into a question of law. But there was no legal error infecting the decision that Brown did not merit a favorable exercise of discretion. Even if citing to the pre-vacatur criminal history constituted a legal rather than factual error, the BIA acknowledges at the outset of its opinion that Brown's relevant conviction had been vacated and replaced with a different conviction. Three

5

paragraphs later, the BIA reaffirms that the new evidence of positive equities still does not outweigh Brown's criminal history such that Brown would merit a favorable exercise of discretion. There is no indication that the BIA disregarded the change to Brown's criminal history merely because it did not update its citation to the exhibit that lists Brown's criminal history. Our jurisdiction therefore remains stripped.

## III.  CONCLUSION[5]

For the reasons discussed above, we will dismiss the petitions for review.

---

[5] We do not address the remaining issues Brown raises because our inability to review the BIA's determination that Brown would not merit a favorable exercise of discretion conclusively resolves the petitions.